## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| VICTOR OKOYE and OGOR W. OKOYE,<br>   Plaintiffs<br>      v.<br><br>THE BANK OF NEW YORK MELLON f/k/a<br>THE BANK OF NEW YORK, AS TRUSTEE<br>FOR THE HOLDERS OF THE GE-WMC<br>ASSET-BACKED PASS-THROUGH<br>CERTIFICATES, SERIES 2005-2, WMC<br>MORTGAGE CORPORATION, MORTGAGE<br>ELECTRONIC REGISTRATION SYSTEMS,<br>INC., AND LITTON LOANS SERVICING, LP.,<br>   Defendants | CIVIL ACTION NO.:<br><br>10-11563-DPW |

### PLAINTIFFS' OPPOSITION TO THE BANK OF NEW YORK MELLON, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AND LITTON LOAN SERVICING, LP'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT

COME NOW, Plaintiffs Victor Okoye ("Victor") and Ogor W. Okoye ("Ogor")(collectively "Plaintiffs") and bring this opposition to Bank of New York Mellon ("BNY"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Litton Loan Servicing, LP's ("Litton Loan") (collectively "Defendants") Motion to Dismiss Plaintiffs' Verified Complaint.

Defendants' Motion should fail as a matter of law as it was not filed in a timely manner. The parties agreed to allow the Defendants additional time in which to file an answer to the Verified Complaint. A stipulation was entered in this matter to reflect this agreement between the parties. The Defendants chose the date in which an answer would be filed, October 11, 2010. No answer or responsive pleading was filed on the date

chosen by Defendants and agreed to by the parties and notified to the Court. As such, Defendants Motion should be dismissed as not filed within a timely manner.

If however, the Court should rule that the Defendants did indeed file this Motion within a timely fashion, the Plaintiffs, for brevity sake, rely on the attached Memorandum of Laws and Support to show that the Court should still dismiss Defendants' Motion.

Respectfully submitted,

/s/: Ashley D. Forest
Ashley D. Forest, BBO# 668187
Law Office of Ashley D. Forest
Ten Post Office Square, 8th Floor
Boston, MA 02109
(617)504-2364 (t) / (617)92-2901(f)
forest@ashleyforestlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
VICTOR OKOYE and OGOR W. OKOYE,     )
    Plaintiffs                      )
        v.                          )
                                    )   CIVIL ACTION NO.:
THE BANK OF NEW YORK MELLON f/k/a   )
THE BANK OF NEW YORK, AS TRUSTEE    )
FOR THE HOLDERS OF THE GE-WMC       )
ASSET-BACKED PASS-THROUGH           )   10-11563-DPW
CERTIFICATES, SERIES 2005-2, WMC    )
MORTGAGE CORPORATION, MORTGAGE      )
ELECTRONIC REGISTRATION SYSTEMS,    )
INC., AND LITTON LOANS SERVICING, LP.,)
    Defendants                      )
_____)

**PLAINTIFFS' MEMORANDUM OF LAWS AND SUPPORT TO OPPOSITION
TO THE BANK OF NEW YORK MELLON, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., AND LITTON LOAN SERVICING, LP'S
MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT**

In order for Plaintiff to prevail against a Motion to Dismiss, the Court has determined that "the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief. Dismissal for failure to state a claim is appropriate if the complaint fails to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Gagliardi v. Sullivan et al*, 513 F.3d 301, 305 (1st Cir. 2008)(internal citations omitted). "A Fed. R. Civ. P. 12(b)(6) motion to dismiss is evaluated by 'taking as true the well-pleaded facts contained in the complaint and drawing all reasonable inferences therefrom in the plaintiff's favor.'" *S. Middlesex Oppurtunity Council, Inc. and S. MiddlesexNon-Profit Housing Corp. v. Town of Framingham et al.*, 2008 U.S. Dist. Lexis 85764 (1st

Cir. 2008) (citing *Phoung Luc v. Wyndham Mgmt. Corp.*, 496 F.3d 85, 88 (1st Cir. 2007)).

Plaintiff in this matter have satisfied the hurdle of pleading facts and allegations that contain enough heft and weight in their Verified Complaint, coupled with drawing all reasonable inferences in their favor, to maintain this action against all Defendants. Plaintiffs' Complaint contains twenty pages and over sixty facts and allegations. Plaintiffs have met their requirements; sufficient facts were alleged, stated and could be made by inference to allow Defendants ample opportunity to defend.

### **COUNT ONE: LACK OF STANDING- BNY**

Plaintiff, as stated in their Verified Complaint, made numerous written RESPA requests, which have gone unanswered. *See Verified Complaint, ¶87.* Plaintiffs requested the breakdown of the supposed arrearages, an explanation of their mortgage loan amount, and proof of assignments, transfers, and/or noteholder. Defendants refused to supply this information. Plaintiffs believe that these refusal show that Defendants are not in control of this mortgage loan and/or do not have the information to give. As with motions to dismiss, the facts are viewed in the light most favorable to the Plaintiff and taken to be true. Plaintiffs filed a verified complaint, verifying the authenticity of the facts alleged.

Plaintiffs question BNY's standing because BNY sent a letter stating its intent to foreclose five months prior to its recording of assignment within the Essex County Registry of Deeds. On June 19, 2009, Litton Loan, on behalf of BNY, notified Plaintiffs of default and its intent to foreclose. BNY has still not produced documents showing that there was any authority on its part to even threaten a foreclosure sale. It was not until November 16, 2009 that the assignment and transfer was recorded within the Registry of

Deeds.  Plaintiffs never received notification outside of the June 19, 2009 letter informing clients of the assignment of the mortgage.

Plaintiffs have also stated within their Verified Complaint that letters would be received from Litton Loan which supposedly contained attachments, but nothing would be enclosed.  Plaintiffs would contact Litton Loan to request the attachments, as the supposed attachments were stated to contain loan payoff, fee breakdowns, and payment histories, but Litton Loan refused continuously to actually supply this information.  As Litton Loan is the servicer working on behalf of BNY, BNY is responsible for the actions of its agents, and also the inaction which are equally as harmful.  Plaintiffs have still not received any breakdown of the loan, payments, and fees and interest charges.

### COUNT TWO: UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER 93A AND M.G.L. ch. 183C

In order for Plaintiffs to defeat a motion to dismiss, Plaintiffs must "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs state that in their Verified Complaint that the loan was offered to them with mortgage loan ("Mortgage Loan") with an initial low, teaser rate to be paid over a forty year period.  The Mortgage Loan also required a balloon payment at the end of the loan. *See Verified Complaint, ¶81-83*.  The Plaintiffs also state facts this Mortgage Loan fell within the confines of the M.G.L. ch. 183C. *See Verified Complaint, ¶80*.  This is not an unclear statement for which relief may not be granted; this is a concise statement that the Court is required to view as true and in the light most favorable to Plaintiffs.

> "Mass. Gen. Laws ch. 93A, § 2 prohibits 'unfair or deceptive acts or practices in the conduct of any trade or commerce.' Plaintiff argues that the loan at issue was 'unfair' within the meaning of Chapter 93A because Defendant knew that Plaintiff would be unable to repay it. Plaintiff relies primarily on *Commonwealth v. Fremont*, 452 Mass. 733, 897 N.E.2d 548, 556, 560 (Mass.

2008), which stands for the proposition that it is unfair to originate "loans with terms that in combination would lead predictably to the consequences of the borrowers' default and foreclosure," even if the loans at issue are not "high cost home mortgage loans" as defined under Mass. Gen. Laws ch. 183C, § 2."

*Frappier v. Countrywide Home Loans, Inc.*, 2010 U.S. Dist. Lexis 107265 *5 (Mass. Dist. 2010).

Courts have also looked "to Chapter 183C as an established, statutory expression of public policy that it is unfair for a lender to make a home mortgage loan secured by the borrower's principal residence in circumstances where the lender does not reasonably believe that the borrower will be able to make the scheduled payments and avoid foreclosure." *Commonwealth v. Fremont Investment & Loan,* 897 N.E.2d 548, 560 (Mass. 2008). Plaintiffs' Mortgage loan has many of the characteristics similar in the *Fremont* case, such as a teaser rate for less than three years and the loan would likely require refinancing in order to avoid foreclosure.

As for Plaintiffs' 93A claim, it is divided into twenty separate statements which detail the various actions and omissions which have occurred during the life of the loan. As there are four Defendants in this matter, all engaged in actions and omissions since the execution of the Mortgage loan.  Plaintiffs do not know when assignments and/or transfers took place, as shown with the default notice from BNY arriving at Plaintiffs' doorstep five months before any assignment was recorded, so Plaintiffs do not know definitively which entity would have been responsible for all times pertinent.

Defendants claim that Plaintiffs state numerous facts which outline actions by previous assignors, which Litton Loan and BNY cannot be held responsible; however, numerous facts are stated which specifically relate to the conduct of BNY and Litton Loan. *See Verified Complaint, ¶86-97.*  The penumbra of actions listed by Plaintiffs by

the Defendants include, but are not limited to, not crediting account with payments, refusing to respond to a qualified RESPA request, refusing to produce documents relating to the loan, sending letters of threats of foreclosures for entities who were not authorized to foreclose, and manufacturing documents which were never produced to Plaintiffs. *See Verified Complaint, ¶86-92.* The Court, when viewing all of these statements and facts alleged by Plaintiffs, cannot possible allow Defendants to prevail on claims that this matter should be dismissed.

Defendants claim, in addition, that Plaintiffs failed to meet the statutory requirements that a demand letter is necessary. Plaintiffs state that none of the Defendants maintain a place of business or keep assets with the Commonwealth. *See Verified Complaint, ¶84.* And as a "motion to dismiss is evaluated by 'taking as true the well-pleaded facts contained in the complaint and drawing all reasonable inferences therefrom in the plaintiff's favor,'" the Court must view these assertions as true, as the Plaintiffs verified that the facts were true to their knowledge. *See Ibid.* Defendants, are for all intents and purposes, using their Motion to Dismiss to state, "DENIED." Plaintiffs' statements were not a mistake as to the law or stating a legal conclusion, but rather Plaintiffs state facts as they believe them to be true.

Defendants also did not state that Litton Loan was required to receive a 93A Demand letter, as Litton Loan neither owns property nor maintain an office within the Commonwealth. Plaintiffs have no statutory obligation in which to send Litton Loan a demand letter. Plaintiffs stated within their Verified Complaint that Litton Loan had acted and refused to act on many occasions which have damaged Plaintiffs greatly; Plaintiff are at risk of becoming homeless.

Defendants also claim that this is time-barred, basing their timing on the date the Mortgage and Note were executed. However, Plaintiffs state that these actions claimed under Count Two have been continuous throughout the entire life of the loan, meaning that the actions and inactions have occurred at numerous dated since 2005, not just in 2005, such as the June 19, 2009 letter claiming BNY had had authority in which to foreclose.

### COUNT THREE: COMPLAINT TO QUIET TITLE
### TO REAL PROPERTY AGAINST BNY AND LITTON

Plaintiffs allege that no notice of assignment was ever made to them prior to the letter dated June 19, 2009. No assignment by BNY had been recorded within the Registry of Deeds at that time, and BNY had shown no authority in which to threaten foreclosure sale of the property. Plaintiffs had no notification or information of any kind stating that BNY did have such authority and the repeated requests made upon the servicer for payment breakdowns of the account along with the RESPA requests which went unanswered gave Plaintiffs pause as to the actual owner of the mortgage and/or note. As no entity seemed capable of showing authority or ownership or supplying basic accounting breakdowns, Plaintiffs made reasonable inferences that neither BNY nor Litton Loan was in control.

### CONCLUSION

Defendants Motion to Dismiss should be denied as a matter of law for not filing within the agreed upon limited stipulated to by the Parties. Their Motion should alternatively fail because Defendants have not shown that Plaintiffs facts as alleged are insufficient to set forth grounds for which relief may be granted. When the facts and the inferences based thereupon are view, Plaintiffs statements of fact are sufficient to meet

the hurdle required of them to proceed with this matter and seek relief.  As such, Defendants' Motion to Dismiss should be denied.

>Respectfully submitted,
>
>/s/: Ashley D. Forest
>Ashley D. Forest, BBO# 668187
>Law Office of Ashley D. Forest
>Ten Post Office Square, 8th Floor
>Boston, MA 02109
>(617)504-2364 (t) / (617)92-2901(f)
>forest@ashleyforestlaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                            )
VICTOR OKOYE and OGOR W. OKOYE,    )
    Plaintiffs                                       )
        v.                                               )
                                                            )    CIVIL ACTION NO.:
THE BANK OF NEW YORK MELLON f/k/a     )
THE BANK OF NEW YORK, AS TRUSTEE    )
FOR THE HOLDERS OF THE GE-WMC         )
ASSET-BACKED PASS-THROUGH               )    10-11563-DPW
CERTIFICATES, SERIES 2005-2, WMC         )
MORTGAGE CORPORATION, MORTGAGE  )
ELECTRONIC REGISTRATION SYSTEMS,   )
INC., AND LITTON LOANS SERVICING, LP., )
    Defendants                                      )
_____)

## CERTIFICATE OF SERVICE

I, Ashley D. Forest, have hereby served the foregoing Opposition to Defendants' Motion to Dismiss and accompanying Memorandum of Laws and Support through the Court's ECF System on November 1, 2010.

                                                Respectfully submitted,

                                              /s/: Ashley D. Forest
                                              Ashley D. Forest, BBO# 668187
                                              Law Office of Ashley D. Forest
                                              Ten Post Office Square, 8th Floor
                                              Boston, MA 02109
                                              (617)504-2364 (t) / (617)92-2901(f)
                                              forest@ashleyforestlaw.com