UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| VICTOR OKOYE and OGOR W. OKOYE,<br>   Plaintiffs<br>       v.<br><br>THE BANK OF NEW YORK MELLON f/k/a<br>THE BANK OF NEW YORK, AS TRUSTEE<br>FOR THE HOLDERS OF THE GE-WMC<br>ASSET-BACKED PASS-THROUGH<br>CERTIFICATES, SERIES 2005-2, WMC<br>MORTGAGE CORPORATION, MORTGAGE<br>ELECTRONIC REGISTRATION SYSTEMS,<br>INC., AND LITTON LOANS SERVICING, LP.,<br>   Defendants | CIVIL ACTION NO.:<br><br>10-11563-DPW |

**PLAINTIFFS' MEMORANDUM OF LAWS AND SUPPORT OF OPPOSITION TO DEFENDANT WMC MORTGAGE CORPORATION'S MOTION TO DISMISS PLAINTIFF'S VERIFIED COMPLAINT**

COME NOW, Plaintiffs Victor Okoye ("Victor") and Ogor W. Okoye ("Ogor")(collectively "Plaintiffs") and bring this opposition to WMC Mortgage Corporation's Motion to Dismiss Plaintiffs' Verified Complaint.

In order for Plaintiff to prevail against a Motion to Dismiss, the Court has determined that "the factual allegations in a complaint must 'possess enough heft' to set forth 'a plausible entitlement to relief. Dismissal for failure to state a claim is appropriate if the complaint fails to set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Gagliardi v. Sullivan et al*, 513 F.3d 301, 305 (1st Cir. 2008)(internal citations omitted). "A Fed. R. Civ. P. 12(b)(6) motion to dismiss is evaluated by 'taking as true the well-pleaded facts contained in the complaint and drawing all reasonable inferences therefrom

in the plaintiff's favor.'" *S. Middlesex Oppurtunity Council, Inc. and S. MiddlesexNon-Profit Housing Corp. v. Town of Framingham et al.*, 2008 U.S. Dist. Lexis 85764 (1st Cir. 2008) (citing *Phoung Luc v. Wyndham Mgmt. Corp.*, 496 F.3d 85, 88 (1st Cir. 2007)).

Plaintiff in this matter have satisfied the hurdle of pleading facts and allegations that contain enough heft and weight in their Verified Complaint, coupled with drawing all reasonable inferences in their favor, to maintain this action against WMC. Plaintiffs' Complaint contains twenty pages and over sixty facts and allegations. Plaintiffs have met their requirements; sufficient facts were alleged, stated and could be made by inference to allow WMC ample opportunity to defend.

### COUNT TWO: UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER 93A AND M.G.L. ch. 183C

In order for Plaintiffs to defeat a motion to dismiss, Plaintiffs must "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs state that in their Verified Complaint that the loan was offered to them with mortgage loan ("Mortgage Loan")with an initial low, teaser rate to be paid over a forty year period. The Mortgage Loan also required a balloon payment at the end of the loan. *See Verified Complaint, ¶81-83*. The Plaintiffs also state facts this Mortgage Loan fell within the confines of the M.G.L. ch. 183C. *See Verified Complaint, ¶80*. This is not an unclear statement for which relief may not be granted; this is a concise statement that the Court is required to view as true and in the light most favorable to Plaintiffs.

> "Mass. Gen. Laws ch. 93A, § 2 prohibits 'unfair or deceptive acts or practices in the conduct of any trade or commerce.' Plaintiff argues that the loan at issue was 'unfair' within the meaning of Chapter 93A because Defendant knew that Plaintiff would be unable to repay it. Plaintiff relies primarily on *Commonwealth v. Fremont*, 452 Mass. 733, 897 N.E.2d 548, 556, 560 (Mass.

2008), which stands for the proposition that it is unfair to originate "loans with terms that in combination would lead predictably to the consequences of the borrowers' default and foreclosure," even if the loans at issue are not "high cost home mortgage loans" as defined under Mass. Gen. Laws ch. 183C, § 2."

*Frappier v. Countrywide Home Loans, Inc.*, 2010 U.S. Dist. Lexis 107265 *5 (Mass. Dist. 2010).

Courts have also looked "to Chapter 183C as an established, statutory expression of public policy that it is unfair for a lender to make a home mortgage loan secured by the borrower's principal residence in circumstances where the lender does not reasonably believe that the borrower will be able to make the scheduled payments and avoid foreclosure." *Commonwealth v. Fremont Investment & Loan,* 897 N.E.2d 548, 560 (Mass. 2008).

Plaintiffs' 93A claim is divided into twenty separate statements which detail the various actions and omissions which have occurred during the life of the loan. As there are four Defendants in this matter, all engaged in actions and omissions since the execution of the Mortgage loan. Plaintiffs were not notified that the mortgage loan and/or note had been assigned until October 23, 2009. Until that time, WMC was the recorded owner of the mortgage loan and note.

On October 4, 2005, Plaintiffs executed mortgage documents, including a loan securitized by real property and note. At the closing, WMC would not give copies of the documents and the closing documents were never produced to Plaintiffs until November 4, 2010, by Defendants Litton Loan Servicing, LP and Bank of New York Mellon. It was after that date, November 4, 2010, that Plaintiffs discovered that Plaintiffs supposedly received over seventy thousand dollars from the closing five years before. Plaintiffs have

never received these funds, but these funds are part of the mortgage loan amount from October 4, 2005.

In order to meet the second prong of Mass. Gen. Laws ch. 183(c)§2, the points and **FEES** paid must exceed 5 percent of the loan: Seventy thousand dollars for this supposed cash payoff plus the nine thousand one hundred thirty-three dollars and ninety-seven cents exceeds twenty thousand four hundred eighty-five dollars, which is five percent of the loan total.

As for the statute of limitations, as WMC states, "the accrual date for a 93A cause of action is determined by the same principals dispositive of the accrual dates of general tort actions…when the plaintiff knew of should have known of appreciable harm resulting from the defendant's" actions. *Int'l Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc.,* 560 N.E.2d 122, 125 (Mass. App. Ct. 1990).  Plaintiffs were not furnished the closing documents, including the HUD Statement until November 4, 2010, five years after the documents were executed.  As such, the statute of limitations has yet to run its course.

Plaintiffs have never seen this "Cash to Borrower" of seventy-one thousand five hundred twenty-eight dollars and twenty-three cents ($71,528.23) nor were they aware that they have been charged interests and costs on this cash.  Plaintiffs had no knowledge that they had supposedly received a large cash settlement until five years after the funds supposedly changed hands.

Due to the fees charged to Plaintiffs totaling eight thousand six hundred sixty-two dollars and twenty cents ($80,662.20), Plaintiffs' loan does qualify as "high costs home mortgage loan" under Mass. Gen. Laws ch. 183(c).  Claiming that Plaintiffs' received

several thousand dollars in cash, then charging interest and late fees on this phantom cash, in addition to not producing closing documents until five years after, are in fact unfair and deceptive trade practices.

## CONCLUSION

Defendant WMC's Motion to Dismiss should fail because Defendant has not shown that Plaintiffs facts as alleged are insufficient to set forth grounds for which relief may be granted.  When the facts and the inferences based thereupon are view, Plaintiffs statements of fact are sufficient to meet the hurdle required of them to proceed with this matter and seek relief.  As such, Defendants' Motion to Dismiss should be denied.

Respectfully submitted,

/s/: Ashley D. Forest
Ashley D. Forest, BBO# 668187
Law Office of Ashley D. Forest
Ten Post Office Square, 8th Floor
Boston, MA 02109
(617)504-2364 (t) / (617)92-2901(f)
forest@ashleyforestlaw.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| VICTOR OKOYE and OGOR W. OKOYE, )<br>    Plaintiffs                                           )<br>        v.                                                      )<br>                                                                )<br>THE BANK OF NEW YORK MELLON f/k/a  )<br>THE BANK OF NEW YORK, AS TRUSTEE )<br>FOR THE HOLDERS OF THE GE-WMC       )<br>ASSET-BACKED PASS-THROUGH           )<br>CERTIFICATES, SERIES 2005-2, WMC         )<br>MORTGAGE CORPORATION, MORTGAGE )<br>ELECTRONIC REGISTRATION SYSTEMS,   )<br>INC., AND LITTON LOANS SERVICING, LP., )<br>    Defendants                                        )<br>                                                                ) | CIVIL ACTION NO.:<br><br>**10-11563-DPW** |

**CERTIFICATE OF SERVICE**

I, Ashley D. Forest, have hereby served the foregoing Opposition and accompanying Memorandum of Laws and Support to Defendant WMC Mortgage Corporation's Motion to Dismiss through the Court's ECF System on December 2, 2010.

                                          Respectfully submitted,

                                          /s/: Ashley D. Forest
                                          Ashley D. Forest, BBO# 668187
                                          Law Office of Ashley D. Forest
                                          Ten Post Office Square, 8th Floor
                                          Boston, MA 02109
                                          (617)504-2364 (t) / (617)92-2901(f)
                                          forest@ashleyforestlaw.com